

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 0 4 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APRYLL GROVER,

    Plaintiff,

v.

CLEAN CITY, LTD. D/B/A PEACHES
OF ATLANTA, and CORNELIUS L.
STEPHENS, Individually,

    Defendants.

Civil Action No. 1:18-CV-5512

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  SUMMARY

1. This case concerns the widespread abuse of the Fair Labor Standards Act ("FLSA"), engaged in at Peaches of Atlanta, an adult entertainment club located at 779 Ralph David Abernathy Blvd., Atlanta, GA 30310 ("principal work site"). The entities and employers implicated in this lawsuit are Clean City D/B/A Peaches of Atlanta and the owner, Cornelius L. Stephens ("Defendants").

2. Defendants required and/or permitted Plaintiff, Apryll Grover ("Plaintiff") to work as a bartender at their adult entertainment club every week over the last three (3) years but failed to compensate her at the applicable minimum wage rate for tipped employees. In fact, Defendants refused to compensate Plaintiff at all for any hours she worked and forced Plaintiff to surrender wages she rightfully earned.

3. Defendants have a longstanding reputation of misclassifying employees as independent contractors.

4. Defendants repeated practice of siphoning away Plaintiff's tips for improper reasons and thereby causing Plaintiff's compensation to fall below minimum wage is in direct violation 29 U.S.C. §§ 203, 206.

5. Plaintiff brings this action to recover the unpaid wages owed to her during the three-year period before this Complaint was filed up to the present.

## II. JURISDICTIONAL ALLEGATIONS

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. The Northern District of Georgia is the proper venue as a substantial portion of the events in question occurred in this District at the Defendants' principal work site, where Plaintiff worked over the last three (3) years.

8. Plaintiff, Apryll Grover is an individual residing in DeKalb County, Georgia.

9. Defendant Clean City, LTD. D/B/A Peaches of Atlanta is a domestic corporation doing business in Georgia for monetary profit. The Defendant may be served through its Registered Agent, Debbie Snelling, at 3014 Eagle Watch Dr. Woodstock, GA 30189.

10. The Court has jurisdiction over the Defendant, Cornelius L. Stephens because he is a resident of DeKalb County, Georgia and may be served with process at his personal residence located at 2646 Miriam Lane, Decatur, GA 30034.

### III. BRIEF STATEMENT OF FACTS

11. Defendants own and operate the adult entertainment club, "Peaches of Atlanta," located at 779 Ralph David Abernathy Blvd., Atlanta, GA 30310.

12. Defendants employ bartenders at Peaches of Atlanta.

13. Defendants have owned and operated Peaches of Atlanta for many years and are familiar with the fact that bartenders are classified as employees within the meaning of FLSA.

14. Apryll Grover is/was a bartender at Peaches of Atlanta and was hired by Defendants in May of 2016.

15. Plaintiff worked every weekend for the Defendants at Peaches of Atlanta and has personal knowledge of the pay violations Defendants committed pursuant to the FLSA.

16. The bartenders are considered tipped employees, within the meaning of 29 U.S.C. § 203(m) and are compensated exclusively through tips from Defendants' patrons.

17. Defendants did not pay Plaintiff the minimum wage for any hours she worked at Peaches of Atlanta since May of 2016.

18. In fact, Defendants forced Plaintiff to sign her paychecks over to Defendants' or risk losing her tips.

19. Defendants scheduled mandatory meetings, required by Plaintiff to attend, that were closed to the public. Defendants did not compensate Plaintiff for those work-related meetings.

20. Defendants also charged Plaintiff monetary fines for drawer shortages of all bartenders, missed or late appearances at work-related meetings, not following club rules, leaving early or arriving late, etc.

21. Defendants required Plaintiff to share her tips with management, who do not customarily receive tips, within the meaning of the FLSA.

22. Defendants established a longstanding policy of misclassifying bartenders as independent contractors to avoid their obligation to pay Plaintiff in accordance with the FLSA.

23. Defendants conduct with respect to such classification was willful and not based on good faith and reasonable belief that their policy was in compliance with the FLSA.

## IV. COVERAGE UNDER THE FLSA
## EMPLOYMENT RELATIONSHIP

24. "To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203 (g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer*, 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

25. In this case, Defendants had the absolute power to employ and terminate the employment of the Plaintiff.

26. Defendants set Plaintiff's schedule each week based on availability and needs of the Defendants. In fact, Plaintiff had to communicate via text with Defendant to obtain the days she could work each week.

27. During her scheduled shifts, Defendants required Plaintiff to wear certain clothing, constituting a uniform.

28. Defendants determined the rate and method of payment of all bartenders employed at the club, including Plaintiff.

29. Bartenders are an integral part of Peaches of Atlanta as they serve alcohol, which is a substantial part of the club's revenue.

30. Plaintiff worked in designated areas, behind the bar, servicing Peaches of Atlanta customers.

31. Defendants maintained some records relating to days and hours Plaintiff worked at the club and tracked the times she arrived and left the club during her scheduled shifts.

32. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

33. Employer as defined by FLSA includes, "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. §

203(d). This definition includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; Reich v. Circle C. Investments, Inc., 998 F.2d 324, 329 (5th Cir. 1993); Donovan v. Grim Hotel Co., 747 F.2d 966, 971-72 (5th Cir. 1984).

34. Defendant, Cornelius L. Stephens, is the President and Manager of Peaches of Atlanta.

35. Defendant, Cornelius L. Stephens, is actively involved in the day-to-day business operations as Peaches of Atlanta.

36. Defendant, Cornelius L. Stephens, has responsibility and control over the supervision of the bartenders at Peaches of Atlanta.

37. Defendant, Cornelius L. Stephens, has the authority to hire and fire all employees, to direct and supervise the work of said employees, to act as a signatory on the business checking accounts, including supervision and accounting of payroll, and to make decisions regarding pay structure of his employees.

38. Defendant, Cornelius L. Stephens, is responsible for determining whether Peaches of Atlanta is in compliance with FLSA.

39. Therefore, Defendant, Cornelius L. Stephens, is the employer of the Plaintiff within the meaning of 3(d) of the FLSA and is jointly and severally liable for all damages.

## V. DEFENDANT ENGAGES IN INTERSTATE COMMERCE

40. At all material times, Defendants have, and their employees have engaged in interstate commerce within the meaning of the FLSA.

41. Defendants advertise on the internet, process credit cards from out of state customers and sell merchandise across state lines.

42. Defendants have and continue to have an annual gross business volume in excess of the statutory requirement of five hundred thousand dollars ($500,000).

43. Defendant's employees, and in particular the bartenders employed at the club, have sold alcoholic beverages and a variety of foods—that have been moved or were produced in interstate commerce—to Defendants' customers.

## VI. COUNT ONE: WAGE VIOLATIONS

44. Plaintiff incorporates all allegations contained in the foregoing paragraphs 1 – 43.

45. Defendant refused to pay Plaintiff the required minimum wage rate pursuant to the FLSA. 29 U.S.C. § 206. In fact, Defendant refused to compensate Plaintiff for any hours she worked and forced Plaintiff to sign over her paychecks.

46. Defendant is not entitled to any of the exemptions set forth in the FLSA, preventing payment of the minimum wage rate to all employees for the hours they worked.

### VII. COUNT TWO: DEFENDANT FAILED TO KEEP ADEQUATE RECORDS

47. Plaintiff incorporates all allegations contained in the foregoing paragraphs 1 – 46.

48. Defendants failed to maintain adequate payroll and time records in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c). In fact, when requested by the Plaintiff, Defendant refused to provide and/or could not provide any account of such records to Plaintiff.

49. Per section 211(c) of the FLSA, Defendants are required to keep adequate records of Plaintiff's work hours and payroll for three (3) years, as it pertains to the following:

    a. The hours Plaintiff worked each day and the total for each week.

b. The time Plaintiff's shift began and ended each work day.

c. The basis of pay, demonstrating the amount paid per hour, per day or per week.

d. The total daily or weekly straight time earnings or wages due and/or paid for hours worked during the workday and workweek.

e. The amount and nature of each payment that is excluded from the "regular rate," pursuant to section 7(e) of the FLSA.

f. The total additions or deductions from wages paid to employees during each pay period, including any applicable purchase orders or wage assignments.

g. The dates, amounts, and nature of the items added to or deducted from wages paid.

h. The date of payment and the pay period covered by each payment.

29 C.F.R. 516.2, 516.5.

50. At all material times, Defendants have failed to keep accurate and/or adequate records of the foregoing, as is required under federal law. However, Plaintiff can meet her burden under the FLSA, by proving with sufficient evidence that she in fact did work for which she was improperly or not compensated at all by the Defendants "as a matter of a just and reasonable inference." *See*, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).

## VIII. DAMAGES

51. Plaintiff is entitled to recover any compensation owed to her for hours she worked but was not paid under the federally mandated minimum wage rate.

52. Additionally, Plaintiff is entitled to recover any funds that were misappropriated by Defendants, including monies charged as fees and penalties, tips and wages that were taken by Defendants, as such amounts rendered Plaintiff's pay below the applicable minimum wage rate in accordance with the FLSA.

53. Per 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount equal to all unpaid wages and fees.

54. Per 29 U.S.C. § 216(b) Plaintiff is also entitled to recover her attorney's fees and costs as required under the FLSA.

## IX. JURY DEMAND

55. Plaintiff demands a trial by jury.

## X. PRAYER

56. WHEREFORE, based on the foregoing, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff for the following:

a. All wages that were unpaid at the federally mandated minimum wage rate;

b. All tips and wages that were misappropriated and labeled as fees, penalties or otherwise;

c. Liquidated damages, allowable under the FLSA, in an amount equal to all unpaid wages and misappropriated funds;

d. Reasonable attorney's fees, costs and expenses of this action as is provided under the FLSA.

3. Any such other relief as is appropriate that Plaintiff is entitled to as a matter of law or in equity.

This 4th day of December, 2018.

Respectfully submitted,

s/ Melodee C. Rhodes
Georgia Bar No. 920592
The Rhodes Law Practice, LLC.
2302 Parklake Dr. NE, Ste, 574
Atlanta, Georgia 30345
Phone: 678-395-6570
Mobile: 404-668-2346
Facsimile: 678-868-1220
Email: melodee@rhodeslawpractice.com
***Attorney for Plaintiff***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiff certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

s/ Melodee C. Rhodes
**Melodee C. Rhodes, Esq.**